DECISION
Plaintiffs appeal Defendant's decision to remove 4.04 acres of their property from forest land special assessment for the 2009-10 tax year. The court held a hearing October 28, 2009, to discuss Plaintiffs' appeal. Plaintiffs appeared on their own behalf. Defendant was represented by Constance Roach, Josephine County Assessor, and David Wilson, Chief Appraiser.
 I. STATEMENT OF FACTS
Plaintiffs moved to Oregon from California in January 2009, and bought the property that is the subject of this appeal. The property is identified in the assessor's records as Account R337824. A portion of the property was, and had for many years been, under forestland special assessment.
Plaintiffs received a questionnaire from the assessor's office dated March 30, 2009, asking about the use of the property. One of the questions on the survey was whether Plaintiffs "intend to hold the forestland for the primary purpose of growing and harvesting marketable timber?" Plaintiffs responded by putting a check mark in the box labeled "No," and explained that "the intent is to enjoy trees and have already added more." *Page 2 
 II. ANALYSIS
Qualifying forestland in western Oregon receives special assessment. ORS 321.257 through ORS 321.390.[1] As pertinent here, ORS 321.257(2) defines "forestland" as "land in western Oregon that is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland." A portion of Plaintiffs' property (4.04 acres) had been specially designated as forestland. Plaintiffs acknowledge that they do not intend to grow and harvest timber of a marketable species on the disputed property. Accordingly, the land does not qualify for forestland special assessment.
Defendant removed the special assessment pursuant to ORS 321.359(1)(a)(C) upon discovery that it was no longer forestland, based on the information Plaintiffs provided in their questionnaire. Defendant imposed a five-year rollback tax as part of the special assessment removal process, in accordance with ORS 308A.703(3)(d).[2] It is that prior year rollback tax that Plaintiffs object to. Plaintiffs believe that the previous owner of the land should have to pay the tax because he is the one who benefited from the special assessment program and failed to *Page 3 
adequately disclose the program's requirements. Plaintiffs submitted a letter to the court dated October 23, 2009, indicating that they had some confusion about the forestland program requirements. However, they also acknowledge in that letter that "[the] realtor did suggest that we contact the County Assessor if we wanted more information." Due to pending health problems, Plaintiffs did not follow through and contact the assessor.
The statute imposing the additional taxes requires that taxes be imposed on the land, which is consistent with general property law (encumbrances on real property run with the land). Plaintiffs appear to assert that they were not on notice of the potential additional tax. However, ORS 321.362 provides that "[t]he tax roll shall show the notation `Forest Land-Potential Additional Tax Liability' for each parcel of land designated as forestland." The tax roll for the property Plaintiffs acquired had such a notation. It is for that reason that Plaintiffs' realtor advised them to check with the assessor's office about the implications and requirements of the forestland program. Had Plaintiffs followed through with the recommended inquiry prior to closing on the transaction, they could have negotiated responsibility for payment of the tax as part of the purchase.
 III. CONCLUSION
The court concludes that Plaintiffs' 4.04 acres of land do not qualify for forestland special assessment because Plaintiffs do not have an intent to grow and harvest trees of a marketable species. Defendant, therefore, did not err in removing the special assessment. Finally, removal of the property from the special assessment program required the assessor to impose the five-year additional rollback tax and Defendant acted appropriately in doing so. Now, therefore, / / / *Page 4 
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal of Defendant's forestland special assessment disqualification and imposition of additional taxes is denied.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on December 4,2009. The Court filed and entered this document on December 4, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Subsection (1) of ORS 308A.703 governs the imposition of a retroactive tax for land disqualified from various special assessment programs including Western Oregon designated forestland. The statute goes on to provide, in relevant part, that:
 "(2)* * * an additional tax shall be added to the tax extended against the land on the next assessment and tax roll * * *. The additional tax shall be equal to the difference between the taxes assessed against the land and the taxes that would otherwise have been assessed against the land, for each of the number of years determined under subsection (3) of this section.
 "(3) The number of years for which additional taxes shall be calculated shall equal the lesser of the number of consecutive years the land had qualified for the special assessment program for which disqualification has occurred or:
 "* * * * *
 "(d) Five years, in the case of:
 "* * * * *
 "(B) Western Oregon designated forestland[.]" *Page 1